UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TONIA MARTIN, DIANA GRAFF and
VICKIE WOODS, ON BEHALF OF
THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED,

                              **Plaintiffs**

against                                            06CV0094(E)
                                                     **ATTORNEY'S DECLARATION**
MICHAEL WEINER, AS COMMISSIONER        **IN OPPOSITION TO MOTIONS**
OF THE ERIE COUNTY DEPARTMENT          **FOR TEMPORARY RESTRAINING**
OF SOCIAL SERVICES, AND                      **ORDER, EXPEDITED HEARING**
                                                      **AND PRELIMINARY INJUNCTION**
ROBERT DOAR, AS COMMISSIONER OF
THE NEW YORK STATE OFFICE OF
TEMPORARY AND DISABILITY
ASSISTANCE,

                              **Defendants.**

---

        HOWARD B. FRANK subscribes as true under penalty of perjury, pursuant to 28 U.S.C. §1746, as follows:

        1.      I am an attorney admitted to practice in the State of New York, and am also admitted to practice before this Court. I am counsel to the Erie County Department of Social Services, one of the defendants herein. I am fully familiar with the facts and circumstances herein.

        2.      This declaration is being submitted in opposition to plaintiffs' motion for a temporary restraining order, an expedited hearing and a preliminary injunction.

        3.      Plaintiffs seek a temporary order restraining the county defendant to expeditiously process the applications of the named plaintiffs and, if found eligible for food stamps, Medicaid or cash assistance, to provide such assistance within 48 hours of the time of the

Court's Order being entered; to provide the named plaintiffs expedited food stamps and temporary pre-investigative grants within 24 hours of the Court's Order being entered; and lastly, provide adequate written notice to plaintiffs of determinations of their eligibility for any and all benefits applied for and eligibility for expedited food stamps within 48 hours of the Court's Order being entered.

4. I have met with representatives of the Erie County Department of Social Services and offer the following information regarding the applications of the three named plaintiffs:

   a. <u>TONIA MARTIN</u> – Tonia Martin's case is active Temporary Assistance. Her case was transacted on February 10, 2006 with an opening date of February 12, 2006. County defendant has been paying for Tonia Martin's stay at the Salvation Army. Tonia Martin is scheduled to meet with DSS personnel on February 17, 2006 to receive a security deposit that will enable her and her son to move from the Salvation Army to their new apartment at 32 Lonsdale, Buffalo, New York. Tonia Martin has been and is presently receiving NPA (non-public assistance) food stamps and will continue to receive them until March 1, 2006 when her public assistance and food stamp grants commence.

   b. <u>DIANA GRAFF</u> – Diana Graff applied for assistance on October 28, 2005 and was denied on December 8, 2005 for her failure to complete the application process. Ms. Graff reapplied on December 16, 2005 and has a certification appointment scheduled for February 21, 2006. If Ms. Graff is deemed eligible, her case will be opened, and as to her existing medical bills, retroactive Medicaid coverage will go back 90 days prior to the December 16, 2005 application, thereby covering any unpaid medical bills. Pending her approval, all local hospitals are required to accept emergency cases. Therefore, until her eligibility is approved, she can go to any local hospitals for emergency care. Obviously, if her application is denied, she has

the right to contest said denial through the fair hearing process set out in 18 NYCRR §352. Presently, Ms. Graff is receiving food stamps and her rent is being paid for by her boyfriend.

       c.     <u>VICKIE WOODS</u> – Vickie Woods applied for assistance on December 12, 2005. Agency records show that Ms. Woods verbally requested that her case be denied. There is no present application pending for Ms. Woods. Ms. Woods' youngest son apparently receives Supplemental Security Income (SSI) and should therefore be automatically eligible for Medicaid. By her own admissions, Ms. Woods began receiving food stamps shortly after applying for same.

5.     It is submitted that the county defendant does not refuse to accept applications. However, due to staff availability and increasing numbers of daily applications, the county defendant has had to limit the screening of applications on some days. When this happened, applications were still accepted to protect the application date, but the applicant was requested to return the next day to complete the screening and employment assessment process. The last day this occurred was January 24, 2006.

6.     Plaintiffs' counsel relies on statements made almost eight months ago as a basis to attack county defendant's policies and procedures with regard to the application process for cash assistance, expedited food stamps and Medicaid.

7.     Much has changed within the Erie County Department of Social Services since the well publicized Erie County budget "crisis" of 2005. I have been advised by county personnel that the county defendant is presently in compliance with regard to expedited food stamp applications. Food stamps must be available within five days of application for same.

8.   At this time in 2005, staff handling temporary assistance and expedited food stamp applications stood at 36. Today, that staff stands at 28 with three new staff starting on March 6th and one more coming on in approximately one month. Application has been made to fill the three remaining positions, but they have not yet been filled. Continuous overtime has been authorized throughout most of 2005 and the early part of 2006. Twenty-five examiners have been diverted from other duties to handle certification appointments. Temporary assistance applications are presently being handled within 14 calendar days of application, down from a high of 72 calendar days late last year.

9.   As a result of the Asher case, referred to in Exhibit "B" attached to attorney Kelemen's declaration, a consent decree agreed to changes in the Medicaid application process, one of which was to have additional examiners. Unfortunately, the hired "Asher" Medicaid examiners were, according to Civil Service rules, among the first released during last year's budget crisis since they were the last employees hired and had the least seniority.

10.  Since early this year, Medicaid has added 15 new examiners, changed the job duties of ten others and has requested at least eight new Senior Welfare Examiner positions.

11.  Medicaid receives approximately 2,800 applications per month. In 2005, the average caseload per worker was 900. So far this year, it is averaging about 600 per caseworker. If you come in February 16, 2006, you will be interviewed the first week of March.

12.  Very often in Medicaid applications, the applicant, after the interview, is given an additional ten days to provide required documentation to support their application. Quite often, instead of legally denying the application when the documentation is not provided, the County defendant will extend the period to allow additional time to produce the required

documentation. As with temporary assistance, overtime has been authorized to help process these applications within a timely period.

13. In paragraph 6 of attorney Kelemen's declaration, reference is made to the <u>Klein vs. Schimke</u> State Supreme Court case of 1990. A stipulation was (Exhibit "A" attached thereto) entered into 1994 between the parties in which the county defendant agreed to implement a number of procedures designed to ensure that benefits were processed in timely fashion. One of the procedures implemented was to open a direct line of communication between the county defendant and Neighborhood Legal Services (NLS) with regard to any problem cases. Attorney Kelemen, who represents the plaintiffs in the instant proceeding, also represented the plaintiff in <u>Klein</u>. I have been advised that the last <u>Klein</u> call received by the county defendant from NLS occurred in April 2004. Upon information and belief, the three named plaintiffs herein were referred to the WNYLC by NLS.

14. It is submitted that a procedure already exists under <u>Klein</u> to highlight and focus on problem cases so they may be brought to the attention of the county defendant and dealt with expeditiously.

15. Surely, the procedures set forth in the <u>Klein</u> stipulation and the <u>Asher</u> consent decree could have been utilized to address the cases of the three named plaintiffs without resort to another lawsuit.

16. It is not the policy of county defendant to discourage persons from applying for any form of assistance. Rather, it is their intent to insure that they apply for the form of relief most appropriate to their needs.

17.   It is not unusual for applicants, such as Vickie Woods, to withdraw their applications voluntarily. Attached hereto as Defendant's Exhibit "1" is a recent notice dated February 15, 2006 indicating that Mrs. Woods' case was "not approved   "-- because on February 1, 2006 you said that you did not want public assistance."

18.   Based on the above, it is submitted that there is not need for a temporary restraining order to be granted regarding the needs of the three named plaintiffs as those needs have, in the case of Tonia Martin, already resulted in a case opening. In the case of Diana Graff, her needs will be addressed in a certification interview on February 21, 2006. Finally, in the case of Vickie Woods, she stated that she did not want public assistance.

19.   WHEREFORE, it is respectfully prayed that this Court deny the named plaintiffs' request for a temporary restraining order together with such other and further relief as may be just and proper herein.

Dated:  Buffalo, New York
        February 27, 2006

HOWARD B. FRANK, ESQ.
Attorney for Erie County
Department of Social Services
746 Rath Building
95 Franklin Street
Buffalo, New York  14202
Telephone:  (716)858-8033
Email:  Frankh@erie.gov