UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TONIA MARTIN,
DIANA GRAFF and
VICKIE WOODS, on behalf of themselves and
  all others similarly situated,

              Plaintiffs,

   -vs-

MICHAEL WEINER, as Commissioner of the Erie
  County Department of Social Services, and
ROBERT DOAR, as Commissioner of the New York
  State Office of Temporary and Disability Assistance,

             Defendants.
_____

06-CV-0094E(Sc)

MEMORANDUM

and

ORDER[1]

On February 10, 2006 the named Plaintiffs Tonia Martin, Diana Graff and Vickie Woods filed a Complaint seeking relief on their own behalf and on behalf of a class of persons similarly situated alleging violations of the Food Stamp Act, the Medicaid Act, New York State Social Services Law and the Due Process Clause of the Fourteenth Amendment, all in violation of 42 U.S.C. §1983, in that Defendant Michael Weiner, as Commissioner of the Erie County Department of Social Services ("the County"), failed to timely process their applications for food stamps, Medicaid and/or temporary assistance, and Defendant Robert Doar, as Commissioner of the New York State Office of Temporary and Disability

---

[1] This decision may be cited in whole or in any part.

Assistance ("the State"), failed to properly oversee the County's administration of the food stamp, Medicaid and/or temporary assistance programs. On February 15, 2006 at 7:25 p.m. Plaintiffs filed a motion for an *ex parte* temporary restraining order, a copy of which motion was provided to the undersigned on February 16, 2006. Because Plaintiffs had previously served the Defendants with the Summons and Complaint and also served Defendants on February 15, 2006 with copies of the motion for a temporary restraining order and the supporting papers, the Court declined to issue a temporary restraining order on an *ex parte* basis and scheduled the matter for oral argument on February 17, 2006.

In order to obtain an temporary restraining order, Plaintiffs must demonstrate that the order is necessary to prevent irreparable harm and that they are likely to succeed on the merits of their claims or that there are sufficiently serious questions going to the merits of the claims to make them a fair ground for litigation, with a balance of hardships tipping decidedly in Plaintiffs' favor. *See Phillip* v. *Fairfield Univ.*, 118 F.3d 131, 133 (2d Cir. 1997). Because the Plaintiffs seek a mandatory injunction requiring the County to perform certain acts rather than refraining from performing certain acts, Plaintiffs must show a greater likelihood of success on the merits of their claims. *See Tom Doherty Assocs. Inc.* v. *Saban Entm't Inc.*, 60 F.3d 27, 34 (2d Cir. 1995).

After reviewing the submissions of the parties and hearing oral argument, the Court concludes that Plaintiffs have satisfactorily demonstrated that, if a temporary restraining order does not issue, they have suffered and will continue to suffer immediate irreparable injury consisting of the deprivation of food stamps, Medicaid coverage and/or temporary assistance for which they are likely eligible. "Denying welfare benefits to an eligible applicant may deprive that person 'of the very means by which to live.'" *Reynolds* v. *Giuliani*, 35 F. Supp.2d 331, 339 (S.D.N.Y. 1999) (*quoting Goldberg* v. *Kelly*, 397 U.S. 254, 264 (1970)). "To indigent persons, the loss of even a portion of subsistence benefits constitutes irreparable injury." *Ibid*. (*quoting Morel* v. *Giuliani*, 927 F. Supp. 622, 635 (S.D.N.Y. 1995)).

Plaintiffs have also satisfactorily demonstrated that they are likely to prevail on the merits of their claims. Under the Food Stamp Act, eligible applicants are to be provided with food stamps as soon as possible, but no later than 30 calendar days following the date the application was filed. 7 U.S.C. §2020(e)(3). With requests for expedited food stamps, eligible applicants must receive them no later than 7 days after filing the application. 7 U.S.C. §2020(e)(9). A household is entitled to apply for food stamps on the first day it contacts the food stamp office. 7 U.S.C. §2020(e)(B)(iii). Under the Medicaid Act, applications must be processed and eligibility determined within 45 days. 42 C.F.R. §435.911(a)(2).

Plaintiffs provided sworn declarations in support of the motion for a temporary restraining order which aver the following facts. On December 30, 2005 Plaintiff Tonia Martin reapplied for food stamps, Medicaid and public assistance. She subsequently received a letter from the County scheduling her certification appointment (necessary in order to obtain benefits) for March 13, 2006. While she believes she is still covered under Medicaid, she has not been receiving food stamps. Plaintiff Diana Graff is a single mother of two children. On December 16, 2005 she applied for Medicaid benefits and for temporary cash assistance. She was informed that she was eligible for those benefits but they were not provided to her at that time. Instead she was informed by letter that her certification interview for those benefits was scheduled for February 21, 2006. As she was due to deliver her second child in January 2006, she inquired of the County as to whether she could obtain an earlier date for her certification interview. She was told that no earlier date could be provided due to budget constraints. She subsequently delivered her child without Medicaid coverage. Finally, Plaintiff Vickie Woods is homeless and resides in a shelter with her three children. On December 12, 2005 she applied for Medicaid, food stamps and public assistance. She began receiving food stamps on or about December 19, 2005 but has received no word as to when she will have her certification interview for Medicaid or public assistance.

At oral argument, the County asserted that it has provided or is in the process of providing all of the relief sought by means of the temporary restraining order and thus such order is unnecessary. At argument, the County represented that Tonia Martin's case had been opened on February 12, 2006, that she was scheduled to receive a check on February 17, 2006 for a security deposit for an apartment which would allow her to move out of the shelter, that she will be receiving food stamps as of March 1, 2006, that she will be receiving a shelter allowance and that she has been receiving "non-public" food stamps throughout her application process.

The County indicated that Diana Graff's certification appointment is scheduled for Tuesday, February 21, 2006[2] and, if eligible, her benefits will commence. The County also indicated that Medicaid benefits are retroactive to 90 days prior to the application for benefits. The County made no representation as to how long it would take Graff's benefits to begin if she is found eligible. With respect to Vickie Woods, the County argued that she orally withdrew her application for public assistance on February 1, 2006 and supported such argument with a copy of a County-generated notice of withdrawal of application addressed to Woods and dated February 15, 2006. The County further argued that, if its records are incorrect and Woods did not withdraw her application, she

---

[2] Monday, February 20, 2006 was President's Day.

would be provided with a certification appointment on Tuesday, February 21, 2006.  At argument, Woods disputed the County's assertion that she withdrew her application.  Regardless of the status of her public assistance application, Woods still has not been afforded a certification appointment with respect to her Medicaid application.

The Court concludes that, notwithstanding the County's intended efforts to process Plaintiffs' applications, Plaintiffs have made the necessary showings and that a temporary restraining order should issue.  It is accordingly

**ORDERED** that the County is directed to:

(1) expeditiously process Plaintiffs' applications and, if found eligible for food stamps, Medicaid and/or temporary assistance, provide such assistance within 2 business days of the date of this Order;

(2) provide Plaintiffs with expedited food stamps and temporary pre-investigative grants within 24 hours of this Order; and

(3) provide adequate written notice of determination of eligibility for any and all benefits for which each Plaintiff has applied and eligibility for expedited food stamps within 2 business days of the date of this Order; and it is further

**ORDERED** that this Order will expire ten days after entry unless further extended, for good cause shown, by Order of this Court or upon consent of the parties; and it is further

**ORDERED** that this Order is effective immediately and that no security is required to be posted pursuant to Rule 65(c) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that this temporary restraining order is entered this 21st day of February, 2006 at  p.m., in Buffalo, New York.

DATED:	Buffalo, N.Y.

	February 21, 2006

					/s/ John T. Elfvin
					JOHN T. ELFVIN
					S.U.S.D.J.