UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TONIA MARTIN, et al.,

                Plaintiffs,

v.

MICHAEL WEINER as Commissioner of the Erie County
Department of Social Services, et al.,

                Defendants.

**Hon. Hugh B. Scott**

06CV94

(CONSENT)

**Order**

Before the Court is all parties' proposed settlement of this class action. As a settlement class, the parties are seeking formal certification of the class and appointment of plaintiffs' counsel as class counsel. (See letter to Chambers, dated October 12, 2007[1]; Docket No. 48 (stipulation so ordered).)

## BACKGROUND

This civil rights class action challenges the practices of Erie County Department of Social Services in the handling of Medicaid, food stamps, and public assistance applications in the wake of the recent county budget crisis. Plaintiffs filed this action on February 10, 2006 (Docket No. 1). On February 21, 2006, Judge Elfvin granted plaintiffs' motion for a Temporary Restraining Order against the County defendant, Commissioner Michael Weiner (Docket

---

[1] Plaintiffs included with this letter proposed orders and notices for settlement of this class action. Pursuant to the Electronic Case Filing Administrative Procedures of this Court, W.D.N.Y. Admin. Proc. § 2. j., the parties should have submitted to the chambers of the undersigned, by e-mail, WordPerfect versions of the proposed Orders and notices for ultimate action by the Court.

No. 25). Plaintiffs filed an Amended Complaint (Docket No. 30) and moved for certification of the class (Docket No. 21).

The parties reached a stipulation to settle this action, including defining the affected class and stipulating to its certification. The parties also consented to proceed before the undersigned as Magistrate Judge on September 4, 2007 (Docket No. 44). Defendants deny any and all claims of wrongdoing asserted in connection with the Complaint and no finding of liability has been entered herein.

Consideration of the fairness of the settlement terms are now pending before the Court and will be addressed separately.

**DISCUSSION**

I.  Class Certification

Settlement of a class action is approved by the Court only after a fairness hearing and a finding that the settlement is "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e)(1)(C), and that all the elements for certifying a class exist, see Fed. R. Civ. P. 23(a), (b)(2); see also id. R. 23(e)(1)(A) (Court must approve settlement of a certified class); Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 621 (1997). The Court reviews the settlement class with heightened scrutiny for compliance with the class prerequisites and maintenance as well as the intrinsic fairness of the proposed settlement, Amchem Prods., supra, 521 U.S. at 620; 5 Moore's Federal Practice 3d § 23.161[2][b], at 23-491 (2007). This Court will deal first with the class certification and class counsel issues, which the parties have stipulated to.

Here, the parties stipulate that the prerequisites for a maintainable class is present here. From the Court's review of the moving papers for class certification and find that the class as defined in the parties' stipulation meets those prerequisites and is maintainable.

II.     Class Counsel

Rule 23(g)(1) requires the Court to appoint class counsel and to consider the work proposed class counsel has done in identifying or investigating potential claims in this action; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted here; counsel's knowledge of the applicable law; the resources counsel will commit to representing the class; and other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class, Fed. R. Civ. P. 23(g)(1)(A), (C).

The parties agree to plaintiffs' counsel serving as class counsel.  From plaintiffs' class certification motion and the handling of this action to date, the Court is satisfied that plaintiff's counsel meets the requirements under Rule 23(g)(1) to serve as class counsel.

**CONCLUSION**

For the reasons stated above, it is hereby ordered that plaintiffs' motion for class certification (Docket No. 21) is **granted**, and the Court certifies the following plaintiff class:

> All Erie County residents who, since June 1, 2005, have sought to apply for, applied for, are currently applying for, or will apply for food stamps, Medicaid, and/or cash assistance in Erie County during the pendency of the Court's jurisdiction.

It is also hereby ordered that the Western New York Law Center, Buffalo, New York, and the National Center for Law and Economic Justice (f/k/a the Welfare Law Center), New York, New York, are appointed class counsel for the class certified herein.

So Ordered.

                                               /s/ Hugh B. Scott
                                              Honorable Hugh B. Scott
                                              United States Magistrate Judge

Dated: Buffalo, New York
       October 29, 2007