UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TONIA MARTIN, et al.,

       Plaintiffs,

v.

MICHAEL WEINER as Commissioner of the Erie County
Department of Social Services, et al.,

       Defendants.

**Hon. Hugh B. Scott**

06CV94

(CONSENT)

**Order**

  Before the Court is all parties' proposed settlement of this class action. Previously, the class has been certified and class counsel approved (Docket No. 49). The certified class (Docket No. 49) is

> All Erie County residents who, since June 1, 2005, have sought to apply for, applied for, are currently applying for, or will apply for food stamps, Medicaid, and/or cash assistance in Erie County during the pendency of the Court's jurisdiction.

The Court tentatively approved the terms of the settlement following a fairness hearing (Docket No. 48; see also Docket Nos. 61, 64 (staying full adoption of settlement stipulation pending fairness hearing)). The fairness hearing was conducted by Magistrate Judge Jeremiah McCarthy (see Docket Nos. 50 (referral Order), 67 (Rule 23(e) Order)) who recommended that the settlement be accepted (Docket No. 77, Report & Recommendation of Feb. 13, 2008 ("R&R")). Objections to this Report were due by February 28, 2008, but none were filed. Before the Court now is formal adoption of the settlement.

## BACKGROUND

This civil rights class action challenges the practices of Erie County Department of Social Services in the handling of Medicaid, food stamps, and public assistance applications in the wake of the recent county budget crisis. Plaintiffs filed this class action on February 10, 2006 (Docket No. 1). On February 21, 2006, Judge Elfvin granted plaintiffs' motion for a Temporary Restraining Order against the County defendant, Commissioner Michael Weiner (Docket No. 25). Plaintiffs filed an Amended Complaint (Docket No. 30) and moved for certification of the class (Docket No. 21).

The parties reached a stipulation to settle this action, including defining the affected class and stipulating to its certification (Docket No. 48). The parties also consented to proceed before the undersigned as Magistrate Judge on September 4, 2007 (Docket No. 44). Defendants deny any and all claims of wrongdoing asserted in connection with the Complaint and no finding of liability has been entered herein.

Notice of the fairness hearing were posted as ordered by the Court (Docket Nos. 70, 72, 76, 77, R&R at 6) and no written objections to the settlement were submitted (Docket No. 77, R&R at 6). The only inquiries about the notice were informational in nature (Docket No. 77, R&R at 6). Magistrate Judge McCarthy conducted the fairness hearing on February 6, 2008 (Docket Nos. 66, 75), and no one appeared at the hearing to object to the settlement (Docket No. 77, R&R at 6). He found in his Report and Recommendation that the proposed settlement was adequate, fair and reasonable (Docket No. 77, R&R at 6-10) and not the product of collusion between defendants and the class representatives (id. at 10), and recommended approval of the proposed settlement (id. at 10, 11).

Objections to this Report and Recommendation were due ten days from after receipt (id. at 11) or by February 28, 2008. To date, no objections were filed to the Report and Recommendation.

## DISCUSSION

Any objections to a Report and Recommendation are considered de novo by the judge with plenary jurisdiction, see Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 990 (1st Cir. 1988), with failure to file objections constituting a waiver of the right to further judicial review of the Magistrate Judge's Report and Recommendation, Thomas v. Arn, 474 U.S. 140, 155 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55, 58 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) (footnote omitted).

Here, no objections were filed. The Court therefore adopts the recommendation of Magistrate Judge McCarthy and **accepts** the Proposed Settlement of this class action. Upon entry of this Order the terms of the Stipulation (including timing for parties' actions thereunder, such as application for award of attorneys' fees and costs, see Docket No. 48, ¶ 52) is **so ordered** (see id. ¶ 53). The date the Court retains jurisdiction over this case starts from entry of this Order for a period of 36 months (id. ¶ 59), or until March 2011, unless the parties stipulate to an additional 24 months or plaintiffs move for an Order seeking such an extension (id. ¶ 59a, b).

## CONCLUSION

For the reasons stated above, it is hereby ordered that parties' motion to adopt the settlement of this class action (Docket No. 48, see Docket No. 77) is **granted**. The parties' Stipulation (Docket No. 48) is **so ordered**; the terms of that Stipulation are now in effect.

Pursuant to the terms of the Stipulation, the Court retain such jurisdiction pursuant as stipulated and as necessary to enforce its terms.

    So Ordered.

                                                               */s/ Hugh B. Scott*
                                                           Honorable Hugh B. Scott
                                                          United States Magistrate Judge

Dated: Buffalo, New York
       March 10, 2008